**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**                     CR 11-239-R

Defendant **PAWAT BOONWONG**                         S.S.#-------3519

Residence:        N/A                   Mailing:    SAME

---
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
---

In the presence of the attorney for the government, the defendant appeared in person, on: OCTOBER 24, 2011
                                  Month / Day / Year

COUNSEL:
  ___  WITHOUT COUNSEL
       However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
  XX   WITH COUNSEL Alan Eisner, retained

X PLEA:
  XX   GUILTY, and the Court being satisfied that there is a factual basis for the plea.

FINDING:
       There being a finding of XX  GUILTY, defendant has been convicted as charged of the offense(s) of: Possession of child pornography in violation of Title 18 USC 2252A(a)(5)(B) as charged in count one of the single-count information.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of:
       Eighteen (18) months.

       IT IS FURTHER ORDERED AND ADJUDGED that upon release from imprisonment, the defendant shall be placed on supervised release for a term of twenty-five (25) years, under the following terms and conditions: the defendant 1) shall comply with General Order 05-02; 2) during the period of community supervision, shall pay the special assessment in accordance with this judgment's orders pertaining to such payment; 3) shall cooperate in the collection of a DNA sample from the defendant; 4) shall register as a sex offender, and keep the registration current, in each jurisdiction where he resides, where he is an employee, and where he is a student, to the extent the registration procedures have been established in each jurisdiction; when registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence; the defendant shall provide proof of registration to the Probation Officer within three days of release from

-- GO TO PAGE TWO --                                    WH
                                                    Deputy Clerk

U.S.A. V. PAWAT BOONWONG                          CR **11-239-R**

-- CONTINUED FROM PAGE ONE --                                PAGE TWO
======================================================================
### JUDGMENT AND PROBATION/COMMITMENT ORDER
======================================================================
imprisonment; 5) shall participate in psychological counseling or psychiatric treatment of a sex offender treatment program, as approved and directed by the Probation Officer; shall abide by all rules, requirements, and conditions of such program; the Probation Officer shall disclose the presentence report or any previous mental health evaluations or reports to the treatment provider; 6) shall, as directed by the Probation Officer, pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672, and the defendant shall provide payment and proof of payment as directed by the Probation Officer; 7) shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct" as defined in 18 USC 2256(2); this condition does not apply to materials describing "sexually explicit conduct" necessary to and used for legal proceedings in this or another criminal prosecution against defendant, including a collateral attack or appeal, or to materials prepared or used for the purposes of defendant's court-mandated sex offender treatment; 8) shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 USC 2256(8); this condition does not apply to materials describing child pornography solely because they are necessary to and used for a collateral attack, nor does it prohibit him from possessing materials prepared and used for the purposes of his court-mandated sex offender treatment, when the defendant's treatment provider or the Probation Officer has approved of his possession of the material in advance;  9) shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18; 10) shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: a) in the presence of the parent or legal guardian of said minor and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense; this provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services; 11) shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18; 12) shall not reside within 2000 feet of school yards, parks, public swimming pools, playgrounds, youth

-- GO TO PAGE THREE --                         _____WH_____
                                                         Deputy Clerk

```
U.S.A. V. PAWAT BOONWONG                              CR 11-239-R


-- CONTINUED FROM PAGE TWO --                         PAGE THREE
================================================================
              JUDGMENT AND PROBATION/COMMITMENT ORDER
================================================================
```
centers, video arcade facilities, or other places primarily used by persons under the age of 18; the defendant's residence shall be approved by the Probation Officer, and any change in residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer; the defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move; 13) shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs) which have been disclosed to the Probation Officer upon commencement of supervision; any changes or additions are to be disclosed to the Probation Officer prior to the first use; computers and computer related-devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers; 14) all computers, computer-related devices and their peripheral equipment used by the defendant shall be subject to search and seizure; this shall not apply to items used at the employment's site, which are maintained and monitored by the employer; 15) shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervision, or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions; 16) shall comply with the rules and regulations of the Computer Monitoring Program; the defendant shall pay the cost of the Computer Monitoring Program, in amount not to exceed $32 per month per device connected to the internet; 17) shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer; 18) shall have defendant's employment approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer; the defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change; 19) shall not obtain or possess any driver's license, Social Security number, birth  use, for any purpose or in certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant

-- GO TO PAGE FOUR --                                    _____WH_____
                                                       Deputy Clerk

U.S.A. V. PAWAT BOONWONG                                CR 11-239-R

-- CONTINUED FROM PAGE THREE --                              PAGE FOUR
============================================================
              JUDGMENT AND PROBATION/COMMITMENT ORDER
============================================================
use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer.

     IT IS FURTHER ORDERED that defendant pay to the United States a special assessment of $100.00, which is due immediately.

IT IS FURTHER ORDERED that execution of sentence is stayed until January 9, 2012 at 12 noon, by which date and time the defendant shall self-surrender to the designated facility for his imprisonment or to the U.S. Marshal located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012.

     IT IS FURTHER ORDERED that the bond of the defendant shall be exonerated upon his self-surrender by January 9, 2012 at 12 noon.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed.  the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by:  District Judge _____
                            **MANUEL L. REAL**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                        Terry Nafisi, Clerk of Court

Dated/Filed    October 25, 2011      By_____/S/_____
               Month / Day / Year          William Horrell, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____              _____
Date                                Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

| Filed Date | Deputy Clerk |

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_(Signed)_____     _____
        Defendant             Date

_____     _____
    U. S. Probation Officer/Designated Witness         Date